UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID DENAGALL** | **CIVIL ACTION NO. 21-0243** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **CALDWELL CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff David Denagall, a prisoner at Caldwell Correctional Center proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. He names the following defendants: Caldwell Correctional Center, Warden Kevin Wyles, Officer Wyles, Officer King, Lieutenant Davis, Sergeant Kirkland, Sergeant Beckly, Sergeant Gaspard, Sergeant Sanders, and Officer Holloway.[1]

**Background**

Plaintiff claims that on October 15, 2020, while he was playing cards, two other inmates began fighting and officers entered the dormitory to stop the fight. [doc. # 8, p. 3]. Plaintiff was not involved in the fight, and he was complying with all orders, yet Officer Wyles shot him with a "powered tazer" without cause. [doc. #s 1, p. 3; 8, p. 3]. Lieutenant Davis then ordered Sergeant Beckly and Sergeant Gaspard to hold Plaintiff down and remove the tazer prongs from Plaintiff's right leg. [doc. # 1, p. 3]. Beckly tore Plaintiff's flesh while removing the prongs, causing Plaintiff permanent damage. [doc. #s 1, p. 3; 8, p. 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that Officer Kirkland and Sergeant Beckly refused to have him medically evaluated. *Id.* He claims that Warden Wyles refuses to respond to his grievances because Wyles's son, Officer Wyles, was involved in the incident. *Id.* Plaintiff seeks a medical evaluation, compensation, and punitive damages. *Id.* at 5-6.

## Law and Analysis

A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations in a proceeding that he filed before he filed this proceeding: *David Denagall v. Caldwell Correctional Center, et al.*, 3:21-cv-0003 (W.D. La. 2021). There, the undersigned summarized Plaintiff's allegations thusly:

> Plaintiff alleges that on October 15, 2020, while he was sitting at a table playing cards in his dormitory, two other inmates began fighting. [doc. # 7, p. 3]. Plaintiff was not involved in the fight. *Id.* Officers entered the dormitory to stop the fight. *Id.* Plaintiff claims that when he was complying with officers' orders to "get against the wall," one officer shocked him with a Taser device. *Id.*
>
> Plaintiff claims that after the officer "tazed" him, he requested medical attention, but someone told him to "shut up." *Id.* He claims that Officer Beckley then pulled the metal prongs from the Taser device from his left leg, "heedlessly ignoring [his] complaints" for "proper medical protocol." *Id.* He also claims that he had to wait four days to "see" medical. *Id.*

*Id.* at doc. 11.

However, it appears that Plaintiff did not intend to file the instant, duplicative proceeding. To explain, Plaintiff filed suit in the Middle District of Louisiana on December 9, 2020, but he did not utilize the court's form. On January 4, 2021, the Middle District transferred the

2

proceeding here, and this Court opened Plaintiff's first suit, *Denagall*, 3:21-cv-0003. After the transfer, Plaintiff drafted a pleading on a form and mailed it to the Middle District. The Middle District mailed the form pleading to this Court on January 29, 2021. [doc. # 1]. It appears that the Clerk of Court here opened the instant proceeding with the form pleading instead of filing the form pleading in 21-0003.

The claims in this proceeding are duplicative, so the Court should dismiss them.[2] *See Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016). However, because Plaintiff is not at fault, his filing here is neither frivolous nor malicious, and this dismissal should not count as a strike under 28 U.S.C. § 1915(g).

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff David Denagall's claims be **DISMISSED AS DUPLICATIVE** and **WITHOUT PREJUDICE** to Plaintiff's right to prosecute 21-0003. The claims should otherwise be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Memorandum Order granting Plaintiff in forma pauperis status, [doc. # 11], be **REVOKED AND RESCINDED**. The Clerk of Court should instruct the Prison Accounts Officer to discontinue automatically withholding funds from Plaintiff's inmate account for this proceeding only.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be instructed to file Document Numbers 1, 8, and 9 from this proceeding into 21-0003.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

[2] That Plaintiff names a different defendant in this proceeding does not change the result. See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 20th day of April, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge